UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

DOCKET NO. 1:07CR26

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | PRELIMINARY ORDER |
| ) | OF FORFEITURE |
| JOSEPH CABE SUMMEROW ) | |
| ) | |
| Defendant ) | |

**THIS MATTER** is before the Court on the Government's motion for a preliminary order of forfeiture.

The Court has determined, based on the Bill of Information and the guilty plea of the defendant, that the below-described property is subject to forfeiture pursuant to 21 U.S.C. § 853 and that the Government has established the requisite nexus between such property and such violations. Other property discovered during the investigation of this matter, that is, various zip drives, computer disks, and CD's, are deemed to be contraband and shall be destroyed upon the conclusion of the proceedings in this case.

**IT IS, THEREFORE, ORDERED:**

1. The following property is hereby forfeited to the United States for disposition according to law, subject to the provisions of 21 U.S.C. § 853(n):

**Dell Dimension 4700 personal mid-tower computer, serial number FJX9971**

**Dell Dimension 4600 personal mid-tower computer, serial number 8C4GN31**

1

2. The Attorney General (or his designee) is authorized to seize the forfeited property subject to forfeiture; to conduct any discovery proper in identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third party rights. Fed. R. Crim. P. 32.2(b)(3).

3. Pursuant to 21 U.S.C. § 853(n)(1) and Standing Order of the Court 3:05MC302-C (September 8, 2005), the Government shall publish once in *The Smoky Mountain News*, Waynesville, Haywood County, North Carolina, a newspaper of general circulation, notice of this order and of its intent to dispose of the property in such manner as the United States may direct. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is the subject of this order of forfeiture, as a substitute for published notice as to those persons so notified.

4. Any person, other than the defendant, having or claiming a legal interest in any of the above-listed forfeited property may, within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of the petitioner's alleged interest in the property, and for an amendment of the order of forfeiture pursuant to 21 U.S.C. § 853(n). The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties; the time and circumstances of the petitioner's acquisition of the right , title, or interest in the property;  and any additional facts supporting the petitioner's claim and the relief sought. 21 U.S.C. §§ 853(n)(2) and (3).

5. After the disposition of any motion filed under Fed. R. Crim P. 32.2(c)(1)(A) and

before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

6. This Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgement. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

7. Upon adjudication of third-party interests, if any, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32(c)(2).

8. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

**IT IS FURTHER ORDERED** that the contraband identified as various zip drives, computer disks, and CD's, shall be destroyed in a manner provided by law upon the conclusion of the proceedings in this case.

Signed: June 19, 2007

Lacy H. Thornburg
United States District Judge